## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

     **Plaintiff,**

**vs.**                                   **Case No. 4:15cv88-RH/CAS**

**REGINALD C. JAMES,**

     **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1]  In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion requesting leave to proceed in forma pauperis, doc. 4.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill.  Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer.   Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119.  In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**.  The Clerk of Court

shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed.  The

complaint is not on court forms as is required by the local rules of this Court.  N.D. Fla.

Loc. R. 5.1(H).  In addition, the complaint also does not comply with Federal Rule of

Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in

numbered paragraphs, the contents of which shall be limited as far as practicable to a

statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's complaint

consists of three paragraphs which are not limited to a single set of circumstances.

The complaint alleges that in 2007, he was hired as a substitute teacher by the

Gadsden County School Board.  Doc. 1 at 1.  Plaintiff advises that he "acquired a

Florida Department of Education Official Statement of Status Eligibility"[2] for grades five

through nine on August 1, 2007.  While working as a substitute teacher, another teacher

resigned and Plaintiff was appointed to fill that position, a fourth grade instructional

position, on an emergency basis on February 26, 2008.  *Id.*  Plaintiff alleges that at the

end of the 2007/2008 school year, he was appointed to a fifth grade instructional

position within his status eligibility for the 2008/2009 school year.  *Id.*

On August 4, 2008, a week before the new school year was to start, Plaintiff

received a letter from Reginald C. James, the Superintendent, terminating his

employment.  Doc. 1 at 2.  Plaintiff contends he was "wrongfully fired" from a fifth grade

teaching position because the letter notified him he was fired "for teaching outside the

---

[2] It appears that a Statement of Status Eligibility is neither a temporary certificate
or a professional certificate to teach in Florida.  *Jones v. Gadsden Cnty. Sch. Bd.*, Case
No. 10-8570 (Fla. DOAH Jan. 19, 2011).

range" of his eligibility from the Department of Education.  *Id.*  Plaintiff advises that he

filed a complaint alleging discrimination based on gender because he was replaced by a

female teacher.  *Id.*  Plaintiff claims that at the hearing before the Florida Division of

Administrative Hearings, Dr. Sonja Bridges, the Assistant Superintendent of Schools

was asked why the termination letter was sent at "the last minute."  *Id.* at 2.  Bridges

allegedly committed perjury in the hearing by stating the letter was sent on July 10,

2008.[3]  *Id.*  Plaintiff claims that during the lunch break, Bridges and Deborah Minnis, an

attorney, and Opan McKinney-Williams, another attorney went to the Gadsden County

School Board office "and manufactured a letter dated July 10, 2008[,] and submitted

[that] falsified evidences [sic] changing the date of the termination letter . . . ."  *Id.*

Plaintiff also claims that Bridges, Minnis, and McKinney-Williams falsely reported

Plaintiff "was teaching fourth grade out of field and replaced Anthony Duane Clum[,] a

man."  *Id.*  Plaintiff claims that evidence was false because he was teaching fifth grade

within his eligibility and was replaced by a woman.  *Id.*  Plaintiff has attempted to

present claims for wrongful termination, falsifying evidence, perjury, and a violation of

Florida's Civil Rights Act.  *Id.*

    Although Plaintiff does not advise what transpired after the hearing, Plaintiff

provided a copy of the School Board's Witness and Exhibit List as an attachment to the

complaint he filed in case number 4:15cv86-RH/CAS.[4]  That document provides the

---

[3] Plaintiff alleges the letter was dated July 29, 2008, postmarked July 31, 2008, and actually received on August 4, 2008.  Doc. 1 at 2.

[4] The complaint filed in that case is identical to the complaint filed in this case. The only difference is Plaintiff named Dr. Bridges as the Defendant in case number 4:14cv86, and he names Minnis and McKinney-Williams as Defendants in this case. Plaintiff may not proceed with multiple cases challenging the same facts and issues.

case number for Plaintiff's complaint against the School Board, and judicial notice is taken that Administrative Law Judge James H. Peterson, III, issued a Recommended Order of Dismissal on January 19, 2011.[5]  Thereafter, the Florida Commission on Human Relations issued a Final Order on April 13, 2011, finding that Plaintiff (as Petitioner) failed to prove gender discrimination.  Those findings of fact conclude that Plaintiff was not re-employed because of budget constraints which required the termination of those teachers who were not certified or teaching "out of field."

Here, Plaintiff's complaint is insufficient and this case should be dismissed.  First, Plaintiff's claims concern events which transpired in 2008.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

---

While judicial economy is best served by joining cases together, these cases should not be consolidated however because Plaintiff's complaint is insufficient to state a claim.

[5] That Recommended Order demonstrates that at the time Petitioner was hired to teach in January 2008, it was because the school was experiencing a teacher shortage and a person who had an application pending with the Department of Education could be "placed in an instructional position where there was an immediate need, pending completion of all requirements."  Page 6, Recommended Order, *Jones v. Gadsden Cnty. Sch. Bd.*, Case No. 10-8570 (Fla. DOAH Jan. 19, 2011).  His hiring was considered an "out of field" placement because Plaintiff "did not hold either a current or a pending certificate to teach the fourth grade."  *Id.*

Second, Plaintiff's complaint fails to state a claim against Superintendent James. His complaint alleges only that Plaintiff's employment was terminated, and he was replaced by a female.  That does not demonstrate a prima facie claim because Plaintiff did not allege he was qualified for the position.  Walker v. Mortham, 158 F.3d 1177, 1192-93 (11th Cir. 1998) (stating the elements of a prima facie case are (1) plaintiff was a member of a protected class, (2) plaintiff applied and was qualified for the position, (3) plaintiff was rejected, and (4) either the position remained open or the successful applicant was not a member of the protected class and rejecting prima facie requirement that a plaintiff establish the person ultimately hired "was less than or equally qualified" for the position); *but see* Giles v. BellSouth Telecomms., Inc., 542 F.App'x 756, 759–60 (11th Cir. 2013) (stating fourth element of a prima facie case is that an equally or less-qualified employee outside the protected class was promoted), and Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1174 (11th Cir. 2010) (same). Plaintiff alleged only that he had a Statement of Status Eligibility, but he did not have a teaching certificate.

Third, Plaintiff provides no factual allegations involving James in the administrative process.  Thus, there are no facts which show James had any involvement in the alleged perjury or falsifying evidence and, even if he had, any assertions of criminal activity must be prosecuted by the State of Florida.  A citizen does not have the right to demand prosecution for perjury and Plaintiff has not alleged the violation of a federal Constitutional right.

If Plaintiff believes the Florida Division of Administrative Hearings wrongly decided his case, his remedy was to seek an appeal in the Florida First District Court of

Appeal.  Plaintiff cannot litigate this claim in more than four years after the Division

issued the Final Order.  Because Plaintiff's complaint fails to present a plausible § 1983

claim, Plaintiff's complaint should be dismissed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the

filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted and any pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14 days
after being served with a copy thereof.  Failure to file specific objections limits the
scope of review of proposed factual findings and recommendations.**